UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM M. MAHRU and HONEYLAND ) <br> PRODUCTIONS PROFIT SHARING PLAN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> REZMAR CORPORATION, ) <br> DANIEL S. MAHRU, and ANTOIN S. REZKO, ) <br> ) <br> Defendants. ) | No. 06 C 4329 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, William M. Mahru ("William") and Honeyland Productions Profit Sharing Plan ("Honeyland"), filed a three-count Amended Complaint against Defendants, Rezmar Corporation ("Rezmar"), Daniel S. Mahru ("Daniel"), and Antoin S. Rezko ("Rezko"). Count II alleges breach of contract against Daniel and Rezko. Count III alleges fraud against Daniel. Previously, the Court denied Defendants' Motion to Dismiss Plaintiffs' Complaint. Presently pending before this Court is Daniel's Motion to Dismiss Counts II and III of the Amended Complaint.

The alleged conduct of the parties is set forth in the previous Order denying Rezmar Corporation's motion to dismiss the complaint and need not be repeated here.[1]

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004) (*Sprint*). Federal Rule of Civil Procedure 8(a)(2)

---

[1] The amount of requested judgment was changed in the Amended Complaint. In Counts II and III, Plaintiffs have requested judgment in the amount of $399,533.39 plus prejudgment interest of $54.73 per diem for each day from July 9, 2007. In Count III, Plaintiffs also request punitive damages in the amount of $1,000,000.00.

requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in *Bell Atlantic*). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.* 496 F.3d 773, 767 (7th Cir. 2007)(*E.E.O.C.*), quoting *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n. 14.

Count II alleges a breach of contract by Daniel and Rezko. Daniel seeks to dismiss Count II for failure to state a claim. Daniel also argues that Count II should be dismissed because he is no longer a member of the agreement in question.

The Amended Complaint sufficiently alleges the terms of a contract and its breach by Daniel; and it notifies Daniel of the principal events and provides sufficient facts, if taken as true, that would support a determination that the contract was breached. Specifically, Plaintiffs allege that on or about January 2002, the parties entered into an operating agreement whereby Plaintiffs purchased two "Class A Units in the LLC for a total of $200,000." Pursuant to the agreement, Daniel and Rezko became Class B Members of the LLC and were obligated to "purchase all of the Units owned by such Class A Member[s]" upon request on dates specified within the agreement. Plaintiffs allege such a request was submitted to Daniel and Rezko on April 10, 2007, and that they failed to purchase Plaintiffs' units.

Plaintiffs also allege that pursuant to the operating agreement, each party was obligated to submit to non-binding arbitration in "the event of a dispute regarding the terms" of the agreement. After Defendants' failure to purchase Plaintiffs' units, on July 21, 2007, Plaintiffs submitted a written request for mediation to Daniel and Rezko. Plaintiffs allege that Defendants failed to honor the terms of the mediation clause in the operating agreement and that no mediation occurred.

Based on these allegations, Count II sufficiently pleads a cause of action for breach of contract against Daniel. Daniel's second argument, that Daniel is not a party to the agreement, goes to the factual merits of the claim and is not properly decided at this stage of the litigation.

Count III of the Amended Complaint alleges acts of fraud by Daniel. Claims in fraud must meet the specificity requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires a claimant alleging fraud to state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the claimant. *VI Com Inc. v. Harbridge Merchant Sevices, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994).

Count III sufficiently pleads fraud against Daniel with regard to an offer made by Rezmar to purchase Plaintiffs' interest in the LLC. The requisite elements of common-law-fraud are: (1) an intentional false statement of material fact; (2) the party to whom the statement was made had the right to rely upon it; (3) the statement was made for the purpose of inducing reliance thereon; and (4) reliance by the person to whom the statement was made led to that person's injury. *Industrial Specialty Chemicals v. Cummings Engine Co.*, 902 F. Supp. 805, 813 (N.D. Ill. 1995).

Plaintiffs allege that on October 22, 2003, Rezmar, through its Chief Executive Officer, Daniel, made a written offer to purchase Plaintiffs' units in the LLC upon "refinancing this project." Relying upon the offer, Plaintiffs "did not, at that time, exercise their right" to request purchase of their interest. Plaintiffs allege further that on both November 30, 2004 and November 1, 2005, the project was refinanced; but Daniel failed to honor the October 22 offer. Plaintiffs allege that Daniel made the offer, intending to induce Plaintiffs to refrain from requesting purchase of their units at that time, and that the reliance subjected Plaintiffs to injury.

Daniel argues that the allegation that he failed to "perform a future promise is not sufficient to constitute fraud" and that his promise, "even though accompanied at the time with an intention not to perform," is not sufficient to constitute fraud. There is, however, an exception to the general rule that denies recovery for fraud based on a false representation of intention or future conduct. "[W]here the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud," statements of intention or future conduct are sufficient. *Steinberg v. Chicago Medical School*, 69 Ill. 2d 320, 334 (1977). The allegations here regarded Daniel's stated intention to purchase Plaintiffs' interest in the LCC upon future refinancing. Plaintiffs also allege Daniel made those statements, knowing they were false, in an effort to prevent Plaintiffs from exercising their rights under the operating agreement. Therefore, the alleged statements satisfy the exception and sufficiently plead a false promise in the context of a scheme to defraud.

Based on the above, Plaintiffs have sufficiently pled a cause of action in fraud in Count III.

For the foregoing reasons, Daniel's Motion to Dismiss Counts II and III of Plaintiffs' Amended Complaint is denied.

Dated: February 6, 2008

JOHN W. DARRAH
United States District Court Judge